UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 11cr10066-LTS |
| JOHN CUSICK | ) | |

MEMORANDUM AND ORDER ON MOTION TO QUASH

October 20, 2011

SOROKIN, M.J.

Defendant has served two subpoenas under Federal Rule of Criminal Procedure 17. The United States moves to quash. The Motion is DENIED and DENIED AS MOOT as set forth below.

The First Subpoena

Defendant served the first subpoena on the "Keeper of the Records, NOAA, Office of Law Enforcement, 55 Republic Drive, Suite 02-300, Gloucester, MA 01930" seeking "All complaints/Incidents filed by [T.B.], At Sea Monitor, to include Complaints/Incidents filed in Massachusetts as well as all States in which she has been employed as an At sea Monitor." At the hearing yesterday, defense counsel proffered that T.B, the alleged victim in this case, testified in the grand jury that the only incident report or complaint she filed alleging misconduct by a fisherman (or woman) in the course of one of her trips at sea was the incident report or complaint filed in this case. Defense counsel went on to proffer that he had reason to believe that, in fact, T.B. had filed one or more other complaints or incident reports. Hence, his subpoena. The

1

government objects primarily that this is a discovery fishing expedition. The Court disagrees. As the government explained, the credibility of the witnesses, especially T.B. and, if he testifies, the defendant, will be paramount. The subpoena seeks, at least in light of defense counsel's undisputed proffer (that is at no time during the hearing did the government contest counsel's representations), what appear to be at this time relevant, admissible, and specific documents concerning an impeachment matter. See Stern v. United States Dist. Court, 214 F.3d 4, 17 (1st Cir. 2000) (citing United States v. Nixon, 418 U.S. 683, 700 (1974)) ("A subpoena duces tecum is not 'unreasonable or oppressive' if the proponent establishes relevancy, admissibility, and specificity."); United States v. La Rouche Campaign, 841 F.2d 1176, 1180 (1st Cir. 1988) (trial judge did not commit an abuse of discretion in compelling pretrial production pursuant to Rule 17 of substantial interview of putative key witness, whose general testimony was already known, where material sought was intended solely for purposes of impeachment).

The subpoena does present another possible issue.[1] The documents may contain personal or identifying information regarding the victim or the unrelated third parties named in the complaints. In light of these considerations, Counsel shall confer regarding whether a protective order is necessary and, if so, appropriate terms for such an order. The Court will consider that issue at the commencement of the trial Monday October 24th, 2011, at 9:00 a.m. Accordingly, the Court (1) DENIES the Motion to Quash regarding this subpoena; and (2) ORDERS the Keeper of

---

[1] Insofar as the holder of these records constitutes an entity falling within Local Rule 116.8, the Court finds then that the government has the obligation to produce the documents as Giglio impeachment material under the Local Rules. The Court need not resolve this question as defendant is entitled to the documents in either case.

the Records named in the subpoena to produce the documents by October 24, 2011, at 9:00 a.m. in Courtroom 24 at the Moakley Courthouse, Boston, Massachusetts.[2]

The Second Subpoena

Defendant directed his other subpoena at the "Keeper of the Records, NOAA, Northeast Fisheries Observer Program, 25 Bernard St., Jean Drive, Falmouth, MA 02536." By way of the subpoena, defendant sought three categories of documents (1) the same complaints sought in the first subpoena; (2) the "ASM Training materials" including the "Course work related to Dispute Resolution . . . Harassment [and the] Policies and Procedures for Reporting Incidents to include harassment;" and (3) various documents specific to T.B. that are fairly described as her personnel file (e.g. her test results and grades, her performance evaluations, disciplinary actions, if any, leave requests, etc.). At the hearing, defense counsel <u>withdrew</u> all of the requests that fall within category three. Thus, the Motion is DENIED AS MOOT as that portion of the subpoena. For the reasons already stated, the Motion to Quash is DENIED regarding the first category of documents sought by this subpoena.

At the hearing, defense counsel explained that, as to the second category of documents, he sought the polices and training materials described above. These documents, by definition, contain no personal or identifying information regarding T.B. or any other person, rather they are essentially training textbooks and agency policies regarding issues that are relevant to this prosecution. According to defense counsel, as to other NOAA regions, these documents are published on the internet. Category two of this subpoena seeks relevant admissible documents that

---

[2] The government has not argued that these documents are maintained in such a fashion that compliance with the request imposes an unreasonable or oppressive burden.

are described with specificity. Accordingly, the Motion to Quash is DENIED as to this portion of the request.

WHEREFORE, the Court hereby ORDERS and DETERMINES

(1) that the Keepers of the Records named in both subpoenas shall produce the incident report(s) or complaint(s) T.B. filed alleging misconduct by a fisherman (or woman) in the course of any of her trips at sea to defense counsel October 24, 2011, at 9:00 a.m. in Courtroom #24 of the Moakley Courthouse;

(2) that the Keeper of the Records, NOAA, Northeast Fisheries Observer Program shall produce to defense counsel by October 24, 2011, at 9:00 a.m. (and if reasonably possible earlier) in Courtroom #24 of the Moakley Courthouse a Copy of ASM Training materials used during the time period of 20-April-2010 through 07-June-2010 including Course work related to Dispute Resolution, Harassment and the Policies and Procedures for Reporting Incidents including harassment;

(3) that the defendant has withdrawn all other requests within the subpoena to the Keeper of the Records, NOAA, Northeast Fisheries Observer Program;

(4) the Motion to Quash is DENIED;

(5) the subpoenas attached as exhibits to the motion shall be sealed as they name T.B., the remainder of the motion is unsealed.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge